UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JAMES D. "BUDDY" CALDWELL,
ETC.                                    CIVIL ACTION

VERSUS                                  NUMBER 13-561-BAJ-SCR

ABBOTT LABORATORIES, INC.,
ET AL

<u>**NOTICE**</u>

     Please take notice that the attached Magistrate Judge's
Report has been filed with the Clerk of the U. S. District Court.

     In accordance with 28 U.S.C. §636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Baton Rouge, Louisiana, September 4, 2014.


                          STEPHEN C. RIEDLINGER
                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JAMES C. "BUDDY" CALDWELL,
ETC.                                        CIVIL ACTION

VERSUS                                      NUMBER 13-561-BAJ-SCR

ABBOTT LABORATORIES, INC.,
ET AL


**MAGISTRATE JUDGE'S REPORT**

     Before the court is the State of Louisiana's Motion to Remand

filed by plaintiff State of Louisiana through James D. "Buddy"

Caldwell, Attorney General of the State of Louisiana.   Record

document number 13.   The motion is opposed by defendant Omnicare,

Inc.[1]

     Careful review of the allegations in the Second Amended

Petition for Civil Penalties and Damages and Jury Demand

---

[1] Record document number 14. Defendant Omnicare also filed a
supplemental memorandum.   Record document number 38.   The motion
was also opposed by defendant PharMerica Corporation.   Record
document number 16.   On a joint motion defendant PharMerica was
recently dismissed.   Record document numbers 45 and 46.   However,
its opposition to the motion is considered because defendant
Omnicare adopted and incorporated PharMerica' opposition. Record
document number 14, Defendant Omnicare, Inc.'s Memorandum in
Opposition to Motion to Remand Filed on Behalf of the State of
Louisiana By and Through Its Attorney General, James D. "Buddy"
Caldwell, p. 2, fn. 2.   Since defendant Omnicare is the only
removing party that remains in the case, this report will refer to
"defendant" rather than defendants.
     Plaintiff filed two reply memoranda.   Record document numbers
21 and 42.

(hereafter, "Second Amended Petition"),[2] and the applicable law supports the conclusion that the defendant failed to satisfy its burden of establishing diversity, Class Action Fairness Act ("CAFA"), or federal question jurisdiction. Therefore, the States' Motion to Remand should be granted.

## Background

The case is the second removal of a state court action originally filed on June 30, 2011. The background of this case is already set forth in detail in the defendant's Notice of Removal[3] and the Magistrate Judge's Report issued on the Motion to Remand filed after the first removal in CV 11-542-BAJ-SCR.[4] Therefore, only a brief summary of the case history is needed in this report.

Essentially, the action as initially filed was brought by the State, by and through the Attorney General, against defendants Abbott Laboratories, Abbott Laboratories, Inc., (hereafter, collectively "Abbott") and 100 John Doe defendants. Plaintiff alleged that Abbott was liable for deceptive, false, misleading, reckless and fraudulent acts and practices in the marketing,

---

[2] Record document number 1-9, Exhibit C, pp. 16-51; record document number 1-10, Exhibit C-1; record document number 1-11, Exhibit C-2; and record document number 1-12, Exhibit C-3.

[3] Record document number 1, Notice of Removal, ¶¶ 1-2.

[4] CV 11-542-BAJ-SCR, record document number 14, pp. 1-3, adopted by March 28, 2012 Ruling and Order, record document number 17.

promotion, pricing and selling of prescription Depakote products[5]
in Louisiana. Essentially, the plaintiff alleged that Abbott
promoted and marketed Depakote products for off-label, non-FDA
approved uses by using false, fraudulent, and misleading practices,
which unlawfully influenced the prescribing decisions of physicians
and other providers. This wrongful conduct resulted in the
presentation of false/fraudulent claims for payment from Louisiana
Medicaid and medical assistance programs. Plaintiff sued to
collect damages, restitution, civil fines and penalties, interest,
costs and attorney's fees from Abbott under five state law
provisions and theories of recovery: (1) Count One - Louisiana's
Medical Assistance Programs Integrity Law ("MAPIL"), LSA-R.S.
46:437.1, et seq.; (2) Count Two - Louisiana's Unfair Trade
Practices and Consumer Protection Law ("LUTPCPL"), LSA-R.S.
51:1401, et seq.; (3) Count Four - Redhibition under Louisiana
Civil Code Article 2520; (4) Count Five - Fraud under Louisiana
Civil Code Article 1953; and (5) Count Six - Unjust Enrichment
under Louisiana Civil Code Article 2298. Plaintiff alleged that
the claims were based exclusively on Louisiana law and no claims
arising under the law of the United States were asserted.

Abbott removed the case and asserted federal question
jurisdiction under 28 U.S.C. § 1331, arguing that removal was

---

[5] Abbott sold divalproex sodium under the trade names
Depakote, Depakote DR, Depakote ER, Depacon, and Depakote
Sprinkles.

proper because the allegations underlying the state law claims demonstrated the existence of an embedded federal issue that warranted the exercise of federal question jurisdiction. Plaintiff moved to remand for lack of subject matter jurisdiction under § 1331. A Magistrate Judge's Report was issued recommending that the case be remanded. The district judge adopted and approved the report and recommendation on March 28, 2012. The case was remanded based on the finding that any embedded federal issues in the plaintiff's alleged state law claims against Abbott did not raise an actually disputed and substantial federal issue sufficient to confer federal question jurisdiction under the test of *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*[6]

The case proceeded in state court until the plaintiff filed the Second Amended Petition on July 9, 2013. Plaintiff again alleged that the claims were based exclusively on Louisiana law, and no claims arising under federal law were asserted. The Second Amended Petition was removed on August 27, 2013 by the two newly named-defendants, PharMerica and Omnicare, and Abbott[7] consented to the removal.

In the Notice of Removal, the defendant listed the five state law claims alleged against it, which were the same state law claims

---

[6] 545 U.S. 308, 125 S.Ct. 2363 (2005).

[7] In the Second Amended Petition the Abbott defendants named were Abbott Laboratories, Abbott Laboratories, Inc., and AbbVie, Inc.

initially alleged against Abbott - violations of MAPIL, LUTPCPL, redhibition, fraud and unjust enrichment. Defendant alleged, however, that the claims asserted against it in the Second Amended Petition are different from those brought against Abbott because it is not a drug manufacturer; it is a pharmacy that filed Medicaid reimbursement claims with the State for filling prescriptions written by physicians for Depakote products. According to the defendant, the claims against it under MAPIL necessarily raise a disputed, substantial issue of federal law based on several federal issues the plaintiff must establish to prove this state law claim: (1) proving the false/fraudulent claim under MAPIL will involve the federal Medicaid Rebate Statute, which only allows reimbursement for drugs prescribed for a medically accepted indication, and under the statute this means the drugs must be prescribed for a use approved by the FDA or supported by federal statutory compendia; and, (2) proving the false/fraudulent MAPIL claim will also involve determining whether the alleged rebates/remuneration Abbot paid to the pharmacies fell under MAPIL's allowance for safe harbor exceptions created by federal or state law or other rule.[8]

In addition to alleging federal question jurisdiction as a basis for removal, the defendant also alleged jurisdiction based on diversity under 28 U.S.C. § 1332(a) and the Class Action Fairness

_____

[8] Record document number 1, Notice of Removal, ¶¶ 3, 4, I.4, I.7-I.12, I.16-I.19.

Act ("CAFA") under 28 U.S.C. § 1332(d).  Defendant alleged that federal jurisdiction based on CAFA exists because the plaintiff was seeking monetary relief under LUTPCPL and the redhibition articles, not only for the State itself but also on behalf of more than 100 Louisiana citizens.  With regard to diversity, the defendant asserted that the State's Attorney General is not the real party in interest, rather the real parties in interest to the suit are hundreds of Louisiana consumers and Medicaid recipients, who are completely diverse from the three named defendants.[9]

## Applicable Law

The party invoking removal jurisdiction bears the burden of establishing federal jurisdiction over the state court suit.  *Frank v. Bear Stearns & Company,* 128 F.3d 919, 921-22 (5th Cir. 1997).  To support removal the defendant must locate the basis of federal jurisdiction in the allegations necessary to support the plaintiff's claims, ignoring the defendant's own pleadings and notice of removal.  *Gully v. First National Bank,* 299 U.S. 109, 111, 57 S.Ct. 96, 97 (1936).

To establish removal is proper based on diversity jurisdiction, the defendant must demonstrate that the amount in controversy exceeds $75,000 exclusive of interest and costs, and the parties must be completely diverse in citizenship.  28 U.S.C.

---

[9] *Id.*, ¶ 7a-7d.

§ 1332(a). When a state is a party, the state is not a citizen for purposes of diversity jurisdiction. *Melder v. Allstate Corp.,* 404 F.3d 328, 335 (5th Cir. 2005). Similarly, a state agency that is a party is not a citizen under the diversity statute if it is an alter ego or arm of the state.

Under CAFA, class actions and mass actions can be removed to federal court if there is minimal diversity, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs. In addition, with regard to mass actions, CAFA also states that a mass action is one "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdiction amount requirement under [28 U.S.C. § 1332(a)]." 28 U.S.C. § 1332(d)(11)(B)(i); *Louisiana ex re. Caldwell v. Allstate Ins. Co.,* 536 F.3d 418, 424 (5th Cir. 2008).

Absent jurisdiction under the diversity statute, removal is appropriate only for those claims within the district court's federal question jurisdiction. 28 U.S.C. § 1331. It is well established that the "arising under" language of § 1331 has a narrower meaning than the corresponding language in Article III of the Constitution which defines the limits of the judicial power of the United States. Ordinarily, determining whether a case arises

under federal law is governed by the well-pleaded complaint rule - a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint.  Generally, there is no federal jurisdiction if the plaintiff properly pleads only state law causes of action, and the fact that federal law may provided a defense to a state law claim is insufficient to establish federal question jurisdiction. *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008).

Federal question jurisdiction is generally invoked by the plaintiff pleading a cause of action created by federal law. Another well-established but less frequently encountered form of federal arising under jurisdiction, is that in certain cases federal question jurisdiction will lie over state law claims that implicate significant federal issues. *Grable & Sons Metal Prods., Inc. v. Darue Eng"g & Mfg.,* 545 U.S. 308, 125 S.Ct. 2363 (2005). Thus, a federal question exists only in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841 (1983); *Singh v. Duane Morris LLP,* 538 F.3d 334, 337-38 (5th Cir. 2008).

As the Fifth Circuit recently observed in *Singh*, the Supreme Court in *Grable* warned that *Franchise Tax Board's* "necessary-

resolution" language is no automatic test, and should be read as part of a carefully nuanced standard rather than a broad, simplistic rule.

> The fact that a substantial federal question is necessary to the resolution of a state-law claim is not sufficient to permit federal jurisdiction: Franchise Tax Board ... did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. Likewise, the presence of a disputed federal issue is never necessarily dispositive. Instead, far from creating some kind of automatic test, *Franchise Tax Board* thus candidly recognized the need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction. (internal quotations and citations omitted).

*Singh*, 538 F.3d at 338.

"The question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.*, citing, *Grable*, 545 U.S. at 314, 125 S.Ct. 2363.

The lack of a private cause of action under federal law is relevant to, but not dispositive of, the question of whether the right is substantial enough to satisfy the exercise of federal jurisdiction. The federal issue must be a substantial one that indicates a serious federal interest in claiming the advantages inherent in a federal forum. However, the presence of a disputed federal issue and the importance of a federal forum are never dispositive. The court must always assess whether the exercise of

federal jurisdiction would be consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331. *Grable*, 545 U.S. at 313, 125 S.Ct. at 2367, 2370.

One year after the *Grable* decision, the Supreme Court again addressed "arising under" jurisdiction in *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 126 S.Ct. 2121 (2006), which involved a health insurer for federal employees. The health insurance carrier sued its former enrollee's estate in federal court under state contract law for reimbursement of the insurance benefits it had paid for the enrollee's medical care. The insurer, and United States as Amicus Curiae, argued that the complaint raised a federal claim because it sought to vindicate a contractual right contemplated by a federal statute, the Federal Employees Health Benefits Act, and under *Grable* federal law was a necessary element of the insurer's state law claim.

The Court rejected both arguments and found that federal question jurisdiction was lacking, emphasizing that *Grable* exemplifies a "slim category" of cases. In its analysis, the Court made several observations about the circumstances in *Grable* which resulted in the finding that the federal issue implicated by the state law claim was sufficient to find jurisdiction based on federal question:

> The dispute there [*Grable*] centered on the action of a
> federal agency (IRS) and its compatibility with a federal

statute, the question qualified as substantial, and its
resolution was both dispositive of the case and would be
controlling in numerous other cases. Here, the
reimbursement claim was triggered, not by the action of
any federal department, agency, or service, but by the
settlement of a personal-injury action launched in state
court, and the bottom-line practical issue is the share
of that settlement properly payable to Empire.

*Grable* presented a nearly pure issue of law, one
that could be settled once and for all and thereafter
would govern numerous tax sale cases. In contrast,
Empire's reimbursement claim, McVeigh's counsel
represented without contradiction, is fact-bound and
situation-specific.

*McVeigh*, 547 U.S. at 700-701, 126 S.Ct. at 2137 (internal

quotations and citations omitted).

Finally, in *Gunn v. Minton* the Supreme Court reaffirmed the

standards and principles in *Grable* that the courts must use to

identify the "special and small category" of cases in which arising

under jurisdiction lies when a claim has its origins in state

rather than federal law. *Gunn v. Minton*, ___ S.Ct. ___, 133 S.Ct.

1059, 1064-65 (2013).


**Analysis**

**Subject Matter Jurisdiction Based on Diversity and CAFA**

The Second Amended Petition alleges that the suit is an action

seeking the imposition of statutory civil penalties through the

enforcement powers of the Louisiana Attorney General as provided by

the state's laws and statutes.[10] Plaintiff alleged the suit "is *not*

---

[10] Statutory enforcement powers include, but are not limited
(continued...)

an action for monetary damages generally, for individuals, or classes or groups of individuals who suffered financial losses or personal injuries as a result of the purchase or use" of Depakote products. Rather, it is a "civil action brought by the State's Attorney General seeking restitution, penalties, and/or damages pursuant to Louisiana state laws intended to penalize and/or deter behavior that the State's legislative body has deemed inappropriate."[11] Consistent with these allegations, the requests for relief at the end of the Second Amended Petition sought judgment only in favor of the State, and for the types of statutory remedies and recovery allowed when the Attorney General institutes a civil action.[12]

On the face of the Second Amended Petition the suit is not removable based on diversity or CAFA. There is only one plaintiff, and the named plaintiff is the State of Louisiana, which is not a

---

[10](...continued)
to: (1) LSA-R.S. 13:5036 (Attorney General may institute and prosecute any and all suits he may deem necessary for the protection of the interests and rights of the state); (2) LSA-R.S. 46:438.1, et seq. (Attorney General along with secretary of DHH and private citizens of Louisiana have authority to pursue penalties, damages and other remedies to protect medical assistance programs from those who engage in fraud, misrepresentation, abuse or other ill practices; and (3) LSA-R.S. 51:1404, 51:1405, and 51:1414 (Attorney General has authority under LUTPCPL to bring an action for injunctive relief, restitution and civil penalties against any persons engaging in acts prohibited by the statute). Second Amended Petition, ¶ 11.

[11] Second Amended Petition, ¶ 9.

[12] Second Amended Petition, Prayers for Relief, ¶¶ 1-14.

citizen under the diversity statute. Therefore, neither complete diversity nor a mass action under CAFA are established as a basis for subject matter jurisdiction.

Despite these allegations in the Second Amended Petition, the defendant alleged in its Notice of Removal that the case was removable based on complete diversity under § 1332(a) and CAFA's mass action provisions. First, the defendant argued that jurisdiction exists under CAFA because the nature of the allegations in the Second Amended Petition - allegations of harm and damage done to Louisiana citizens and consumers - demonstrate that both the State and individual Louisiana citizens are the real parties in interest. Defendant relied on the decisions and analysis of the Fifth Circuit in *Louisiana ex re. Caldwell v. Allstate Ins. Co.*,[13] and *Hood v. AU Optronics Corp.*[14] However, since this case was removed the Supreme Court has reversed *Hood* and held that the real party in interest analysis does not apply to CAFA's mass action provision. The Court stated that the way Congress used the term "plaintiffs" in the provision shows that Congress could not have meant to allow it to be "stretched to include all unnamed individuals" with an interest in the suit. The term can only refer to actual, named parties. The only named plaintiff in this removed

---

[13] 536 F.3d 418, 424 (5th Cir. 2008).

[14] 701 F.3d 796, 799-800 (5th Cir. 2012), *cert. granted*, 133 S.Ct. 2736 (2013), *rev'd and remanded,* ___ U.S.____, 134 S.Ct. 736 (2014).

action is the State of Louisiana.  Therefore, defendant has not established subject matter jurisdiction based on a mass action theory under CAFA.

With regard to § 1332(a), the defendant also has not met its burden of establishing diversity jurisdiction.  Although the defendant cited this as a ground for removal, the defendant failed to even address it in the memoranda opposing the remand motion.  To the extent the defendant alleged and argued the court has jurisdiction under § 1332(a) because the state is the nominal plaintiff and Louisiana citizens are the real parties in interest, that argument is entirely unsupported.[15]

It appears from the allegations that the defendant may be referring to the "real party to the controversy test," which requires consideration of the citizenship of non-parties when the party before the court is suing only on behalf of another.[16]  The nominal party or formal party is just a conduit for a remedy owed to others, and is advancing no specific interests of its own.  *See, KeyBank National Association v. Perkins Rowe Associates, L.L.C.,* 539 Fed.Appx. 414 (5th Cir. 2013).  Defendant did not argue or establish that the State is merely a nominal party.  Moreover, the case cited by the defendant in the Notice of Removal - *State ex*

---

[15] Record document number 1, Notice of Removal, ¶¶ 1-6, p. 23.

[16] Defendant alleged, "although the State is purporting to be the Plaintiff in this matter, it is clear that Louisiana citizens are the real parties in interest." *Id.*, ¶ 3.

*rel. Guste v. Fedders Corp.,*[17] does not support the defendant's removal on the ground of diversity. In *Fedders* the court found diversity jurisdiction was established because the real party in interest, the state agency bringing the suit, was not an arm of the state. The finding that there was diversity jurisdiction was not based on the Louisiana citizenship of unnamed Louisiana consumers being the real parties in interest. The statement in *Fedders* regarding Louisiana consumers being the real parties in interest under LSA-R.S. 51:1407 was dicta.

For diversity jurisdiction there must be complete diversity of citizenship between all named plaintiffs and all named defendants. Diversity does not exist here because the only named plaintiff, the State, is not a citizen under the diversity statute. Therefore, defendant has failed to carry its burden of establishing subject matter jurisdiction under § 1332(a).

### Subject Matter Jurisdiction Based on Federal Question

As did Abbott in the first removal, the defendant argued removal of the Second Amended Petition is proper because federal issues are embedded in the alleged state law claims, and these issues are actually disputed, substantial and warrant the exercise of federal question jurisdiction. With regard to the allegations in the Second Amended Petition, the defendant maintained that the

---

[17] 524 F.Supp. 552 (M.D.La. 1982).

fact it is a pharmacy and Abbott is a drug manufacturer is a critical distinction. According to the defendant, its position as a pharmacy imbues every allegation against it with a character entirely different from the allegations against Abbott and the allegations at issue in *State of Louisiana v. Glaxosmithkline, LLC*.[18] Defendant's arguments focused on Count Seven, which alleges a claim under MAPIL, the Louisiana's medical programs integrity law, and asserted that its position as a pharmacy means that to prevail on this count, the State must establish the falsity of claims submitted for Medicaid reimbursement, and the plaintiff cannot establish this without application and analysis of federal law. The embedded federal law which the defendant relies on to establish federal question jurisdiction in this case is in the Medicaid Rebate Statute,[19] and the safe harbor provisions of the federal anti-kickback statute.

Defendant has failed in its burden of establishing federal question jurisdiction under either of these statutes. With regard to the Medicaid Rebate Statute, the defendant argued the plaintiff did not and could not allege that the pharmacies were aware of the reason why any physician wrote a prescription for Depakote. Therefore, the only way the plaintiff can prove that any claim it

---

[18] Civil Action Number 13-191-JJB-SCR.

[19] Second Amended Petition, ¶¶ 101 and 102, citing 42 U.S.C. § 1396r-8(k)(2)(A) and (k)(6); § 1396r-8(d)(1)(B).

made to the state for reimbursement was false or fraudulent under MAPIL, LSA-R.S. 46:438.3 is to establish that the defendant knew the drug was not medically necessary because it did not meet the definition for a "medically accepted indication." Defendant asserted this definition is entirely based on federal law and regulations – whether the prescription was for an FDA approved use, or a use supported by one or more citations included or approved for inclusion in any of the compendia listed in § 1396r-8(k)(6). Consequently, defendant argued, the central dispute in this action will revolve around whether the alleged uses of Depakote were supported by federally designated compendia, and this question is exclusively federal, substantial and actually disputed.

Accepting the defendant's argument that this is the plaintiff's only avenue for proving it violated MAPIL by submitting false claims, the defendant's argument is unpersuasive. Defendant has the burden of establishing that the federal issues which are a part of plaintiff's MAPIL claim are both substantial and actually disputed, and that exercising federal jurisdiction will not disturb the balance of federal and state judicial responsibilities. Defendant acknowledged that the plaintiff's MAPIL claim depends on proving the claims submitted were false or fraudulent under state law. But the defendant's arguments about the federal laws implicated by this inquiry are simply conclusory statements that the issues are both substantial and actually disputed, without any

cogent explanation of the state law, the elements and proof required to establish a violation, and how the federal law and regulations will be a disputed and substantial part of proving the claim.[20] Review of the plaintiff's allegations as a whole and the defendant's arguments establishes, at most, that federal law will provide background facts the plaintiff can use as part of the proof on its MAPIL claim against the defendant. In the circumstances of this case, the mere presence of a federal issue is insufficient to give rise to federal question jurisdiction.[21]

Defendant's argument based on the possible presence of issues involving the safe harbor regulations of the federal illegal remuneration statute is equally unpersuasive.[22] Essentially, the defendant's argument is that a federal question appears on the face of the Second Amended Petition because the plaintiff alleges illegal remuneration (kickbacks, bribes, rebates) under MAPIL, LSA-R.S. 46:438.2, but LSA-R.S. 46:438.2(D)(4) recognizes a safe harbor provision under the federal health care program anti-kickback

---

[20] Record document number 14, Defendant Omnicare, Inc.'s Memorandum in Opposition to Motion to Remand Filed on Behalf of the State of Louisiana By and Through Its Attorney General, James D. "Buddy" Caldwell, pp. 7-15.

[21] *Singh*, 538 F.3d at 338.

[22] This issue was addressed in the PharMerica memorandum that was adopted by defendant Omnicare. Record document number 16, Opposition of PharMerica Corporation to State of Louisiana's Motion to Remand.

statute as an allowed exception to liability under MAPIL.[23]
Defendant acknowledged that a party's reliance on a federal safe
harbor provision would be a defense to its liability under MAPIL
for accepting illegal remuneration. Nevertheless, the defendant
argued this does not alter the fact that the determination of
whether there was illegal remuneration under MAPIL would turn on
this federal issue.[24]

This argument must be rejected in light of the well-
established principle that even when a federal law provides a
defense to a state law claim, that is not sufficient to establish
federal question jurisdiction.[25] *Grable*, 545 U.S. at 314, 125 S.Ct.
2363. Irrespective of whether it is characterized as a defense, the
possibility that this federal regulation may be raised in the
context of the plaintiff's MAPIL claims against the defendant is
insufficient to establish that the state law claim necessarily
raises a federal issue that is actually disputed and substantial.[26]

Finally, the defendant claimed the Louisiana Supreme Court

---

[23] The federal criminal statute is 42 U.S.C. § 1320a-7b(b) and
the safe harbor exceptions are found in 42 C.F.R. § 1001.952.

[24] Record document number 16, pp. 2-5, 7-8.

[25] *Bernhard v. Whitney Nat.Bank*, 523 F.3d 546, 551 (5th Cir.
2008). Even an inevitable federal defense does not provide a basis
for federal/removal jurisdiction. *Id.*

[26] *Grable*, 545 U.S. at 314, 125 S.Ct. 2363.

decision in *Caldwell v. Janssen Pharmaceutica, Inc.,*[27] supports its argument that the only way for the plaintiff to prove knowing falsity under LSA-R.S. 46:438.3 is to establish that the claim was not for a medically accepted indication, which is an exclusively federal question.

The statements in *Janssen* regarding the plaintiff's burden of proof on causation and intent were made in the context of an action brought against a drug manufacturer, not a pharmacy.[28] The claims under LSA-R.S. 46:438.3 against the manufacturer in *Janssen*, which is not an entity that submits claims for payment from medical assistance program funds, were also based on the manufacturer's alleged marketing misrepresentations to Louisiana health care providers. Given these material distinctions, the defendant failed to adequately explain how *Jansenn* supports its assertion that the only way the plaintiff can prove liablity under LSA-R.S. 46:438.3 is to show that Depakote was not prescribed for a medically accepted indication. Defendant's argument based on *Janssen* is not persuasive.

This case is not like the "nearly pure question of law" presented in *Grable,* where a distinct federal issue was dispositive of the case and would be controlling in numerous other cases.

---

[27] ___ So.3d _____, 2014 WL 341038 (La. 1/28/14).

[28] The court noted that as a drug manufacturer, it was not included in the MAPIL definition of health care provider. LSA-R.S. 46:437.3(9).

Rather, the embedded federal issues identified by the defendant are more "fact bound and situation specific," and the defendant has not carried its burden to establish that the Second Amended Petition necessarily raises an actually disputed and substantial federal issue.[29]

## Conclusion

It is uncontested that the Second Amended Petition alleges only state law claims and that the defendant has not identified any federal cause of action that arises from the federal laws upon which it relies. Defendant failed to establish the existence of federal question jurisdiction under the analysis required by the Supreme Court in *Grable* and *Minton*. Nor has the defendant established that there is federal jurisdiction based on either the diversity or CAFA mass action provision of § 1332.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the State of Louisiana's Motion to Remand be granted.

Baton Rouge, Louisiana, September 4, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[29] Given this conclusion, it is unnecessary to address whether finding federal question jurisdiction would disturb the balance of federal and state judicial responsibilities.